IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJIMIN EDWARD SMITH**, | Case No. 6:21-cv-00997-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **JASON MEYER**, Marion County Sheriff; **SGT CHERNO**, #54447; **DEP HART**, #57032; **DEP JUSTIN SANNE**, #51915; **DEP DAKOTA LILLY**, #59287; **DEP LINDSAY AUSTIN**, #59699; **CHRISTOPHER BURBEY**, #58852; **TED LARSEN**, Marion County Jail Commander; **CINDY GAGE**, Marion County Sherrifs Office Medical Staff; **JANE DOES 1–4**; **JOHN DOES 1–2**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Benjimin Edward Smith ("Smith"), an individual in custody at Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously granted Smith leave to proceed *in forma pauperis*. For the reasons set forth below, this Court

PAGE 1 – ORDER OF DISMISSAL

dismisses Smith's Complaint (ECF No. 2) and denies his Motion for Appointment of Counsel (ECF No. 3).

## STANDARDS

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Smith is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Smith the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must be liberally construed, and that a self-represented litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers").

## BACKGROUND

Smith alleges that on April 10, 2021, he engaged in a physical altercation with another inmate while detained or incarcerated at the Marion County Jail. (Compl. at 5.) Smith claims that Deputy Hart ("Hart") responded by spraying him in the face with pepper spray. (*Id.*) Smith alleges

that at the same time, Deputy Sanne ("Sanne") shot him in the back with a taser and continued to tase him until Deputy Lindsay Austin ("Austin") began to place him in handcuffs. (*Id.*) Smith claims that neither Hart nor Sanne ordered him to stop fighting or gave any warning prior to using force. (*Id.*)

Smith claims that after the incident he was taken to see "medical," but no one asked him if he was okay or allowed him to use the eyewash station. (*Id.*) Smith states that he then was given an opportunity to shower, but that he was not given "decontamination instructions," that the shower facility was "covered in feces," and that he had to rinse the pepper spray off of his body with only water after he dropped the soap provided to him on the unsanitary floor. (*Id.* at 6.) Smith alleges that he explained the situation to Sanne, who promised that he would come back after his break to allow Smith another shower. (*Id.*) Smith claims that Sanne never returned, and that he was not given fresh soap or another opportunity to shower until his designated shower day three days later. (*Id.*)

Smith alleges that the deputies involved "have a code of silence" to conceal the incident described here. (*Id.* at 6.) Specifically, Smith asserts that "no one was concerned why [pepper] spray and taser were used at [the] same time," that the deputies involved were never questioned or held accountable, and that he never received answers to his questions about the use-of-force incident. (*Id.*)

## DISCUSSION

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Therefore, "[t]o state a claim under [Section 1983], the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated;

and (2) that the alleged violation was committed by a person acting under color of state law."

*Campbell v. Washington Dep't of Soc. Servs*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

## I. Excessive Force

"When prison officials use excessive force against [an individual in custody], they violate [his] Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). To establish an excessive force claim under the Eighth Amendment,[1] a plaintiff must demonstrate that prison officials applied force "'maliciously and sadistically for the very purpose of causing harm.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Such force therefore cannot be the product of mistake or negligence, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause [of the Eighth Amendment]." *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986). Accordingly, courts consider several factors to determine whether the use of force is excessive: (1) the need for the application of force; (2) the relationship between that need and the amount of force used; (3) the

---

[1] It is unclear from the face of the complaint whether Smith was a convicted adult in custody or a pretrial detainee at the time of the incident at issue. If Smith was in custody awaiting trial as a pretrial detainee, his excessive force claim arises under the Due Process Clause of the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The analysis for an excessive force claim under the Fourteenth Amendment is similar to the relevant Eighth Amendment analysis, requiring consideration of several factors: "(1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline." *Jones v. Gardiner*, Civil No. 14cv2477 MMA (MDD), 2015 WL 13828657, at *2 n.2 (S.D. Cal. Jan. 22, 2015) (citing *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990)); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (explaining that "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we apply the same standards")

extent of the injury suffered; and (4) whether force was applied in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 7.

Smith alleges that "all deput[ies] involved" used excessive force against him. Specifically, Smith alleges that Hart sprayed him in the face with pepper spray, Sanne shot him in the back with a taser gun, and Austin placed him in handcuffs. He does not allege, however, that this incident was unprovoked. *See Driver v. Doe*, No. CV 19-3791-GW (AGR), 2021 WL 2232361, at *3 (Apr. 22, 2021) (dismissing excessive force claims because the plaintiff failed to allege that pepper spraying incidents were unprovoked, and otherwise failed to provide facts to explain how use of force was unlawful); *cf. Nicholson v. Sando*, Case No. 19-01345 EJD (PR), 2020 WL 1322941, at *1 (N.D. Cal. Mar. 20, 2020) (finding that the plaintiff stated a claim for excessive force where he alleged that the defendant "used pepper spray on him while [he] was merely attempting to walk into his cell"). Rather, Smith alleges that force was applied after he engaged in "mutual combat" with another inmate, and that the force ceased once he was subdued. Smith provides no additional factual detail to support his allegations that Hart, Sanne, or Austin employed force for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *See Hudson*, 503 U.S. at 6–7 (noting that when prison officials stand accused of using excessive force in violation of the Eighth Amendment, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). Moreover, the force allegedly applied by Austin was *de minimis* and therefore was not of constitutional magnitude. *See Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (explaining that "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is

not of a sort 'repugnant to the conscience of mankind'"). Smith thus fails to state an excessive force claim against Hart, Sanne, or Austin.

Smith does not allege the remaining defendants were present during the use-of-force incident or involved in any capacity. Smith thus fails to state a claim against defendants Meyer, Cherno, Lilly, Burbey, Larsen, and Gage. *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (noting that "[l]iability under Section 1983 arises only upon a showing of personal participation by the defendant" in the deprivation alleged); *see also Iqbal*, 556 U.S. at 676 (noting that "[b]ecause vicarious liability is inapplicable to . . . [Section 1983] suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (explaining that "[a] plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights").

## II.    Conditions of Confinement

Prison officials "have a duty to ensure that [individuals in custody] are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish a claim for deprivation of humane conditions of confinement under the Eighth Amendment, a plaintiff must plead facts that meet two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834. Objectively, the plaintiff must allege that he suffered a "sufficiently serious" deprivation that denied him the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Subjectively, the plaintiff must show that the prison official acted with "deliberate indifference to a substantial risk of serious harm." *Frost*, 152 F.3d at 1128.

Smith alleges that immediately following the use-of-force incident, he was taken to "medical," where they failed to ask whether he was okay or to allow him to use the eyewash station. Although he was given soap and an opportunity to shower, Smith alleges that he dropped the soap on the unsanitary floor, rendering it unusable, and thus could only rinse off with water. Smith alleges that he was forced to wait three days before he was provided fresh soap or another opportunity to shower.

"The failure of prison officials to decontaminate an inmate following the use of pepper spray may support a claim [] under section 1983 for deliberate indifference to the inmate's serious medical needs." *Johnson v. Dovey*, No. 1:08-cv-00640-LJO-DLB PC, 2009 WL 1099898, at *5 (E.D. Cal. Apr. 23, 2009). Smith alleges that he alerted Sanne that he was unable properly to wash off the pepper spray, and that Sanne nevertheless refused to provide fresh soap or another opportunity to shower. Liberally construed, Smith has stated a cognizable Eighth Amendment claim against Sanne. *See id.* (finding the plaintiff stated a cognizable Eighth Amendment claim where defendants hosed pepper spray from plaintiff's eyes, but not his body, and refused to allow him to shower off the pepper spray for three days).

Smith, however, fails to allege facts giving rise to a reasonable inference that any of the remaining defendants were involved in his care following the use of force incident. Indeed, to the extent Smith seeks to challenge the deliberate indifference of the remaining defendants generally, such a claim cannot be sustained under section 1983. *See McHenry v. Renne*, 84 F.3d 1172, 1179–880 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants"). Rather, Smith must demonstrate that each particular defendant acted or failed to act with a "sufficiently culpable state of mind" notwithstanding "his knowledge of a substantial risk of serious harm." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

PAGE 7 – ORDER OF DISMISSAL

Smith thus fails to state a cognizable conditions of confinement claim against defendants Hart, Austin, Meyer, Cherno, Lilly, Burbey, Larsen, and Gage.

**III.    Failure to Respond to Smith's Grievances**

Smith claims that his concerns about the use-of-force incident were not investigated and that no one responded to his questions. The Court construes these allegations as an attempt to assert a claim for failure to adequately respond to Smith's grievances. Such a claim, without more, is not cognizable under section 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (individuals in custody do not have a "separate constitutional entitlement to a specific prison grievance procedure"); *see also Todd v. Cal. Dep't of Corr. and Rehabilitation*, 615 F. App'x 415, 415 (9th Cir. 2015) (affirming district court's dismissal of section 1983 claim "regarding the processing and handling of his prison grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure'").

///

///

///

///

///

///

///

///

///

///

///

PAGE 8 – ORDER OF DISMISSAL

**CONCLUSION**

Based on the foregoing, the Court DISMISSES Smith's Complaint (ECF No. 2) as to defendants Hart, Austin, Meyer, Cherno, Lilly, Burbey, Larsen, and Gage for failure to state a claim. Smith may file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Smith is advised that if he fails to file an amended complaint, this action will proceed against Sanne on the conditions of confinement claim only.

This Court DENIES Smith's Motion for Appointment of Counsel (ECF No. 3) because he has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case and, at this stage of the proceeding, has failed to demonstrate a likelihood of success on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Smith may renew his request for counsel at a later stage of the proceeding.

**IT IS SO ORDERED.**

DATED this ___26th___ day of July, 2021.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge