IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJIMIN EDWARD SMITH**, | Case No. 6:21-CV-00997-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DEP. JUSTIN SANNE**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

    Plaintiff Benjamin Edward Smith ("Plaintiff"), appearing *pro* se, brings this action alleging that Defendant Justin Sanne ("Defendant") acted with deliberate indifference to his serious medical needs in violation of the due process clause of the Fourteenth Amendment. Plaintiff is currently an adult in the custody of Oregon Department of Corrections and was formerly held in Marion County Jail ("MCJ") as a pretrial detainee. Plaintiff alleges that Defendant, an MCJ deputy, failed to provide him with a proper decontamination shower after he had been sprayed with oleoresin capsicum spray ("OC spray") by another deputy. ECF 9.

    This matter comes before the Court on Defendant's Motion for Summary Judgment, filed on June 22, 2022. ECF 21. On June 23, 2022, this Court sent Plaintiff a summary judgment

PAGE 1 – OPINION AND ORDER

advice notice and scheduling order. ECF 24. On the same day, June 23, 2022, the Court granted Plaintiff an additional thirty days in which to complete discovery and ordered him to file a response to Defendant's motion by August 24, 2022. ECF 25. On September 12, 2022, the Court notified Plaintiff that he failed to file a response and ordered him to do so by October 3, 2022. ECF 26. Plaintiff did not file a response. For the reasons discussed below, Defendant's Motion for Summary Judgment, ECF 21, is granted.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-movant, in opposition to the motion, "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 256 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient[.]" *Anderson*, 477 U.S. 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

PAGE 2 – OPINION AND ORDER

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (district courts are to "construe liberally motion papers and pleadings filed by *pro se* [individuals in custody] and should avoid applying summary judgment rules strictly").

## BACKGROUND

On April 10, 2021, Plaintiff got into a fight with another adult in custody ("AIC") in the Delta Unit of MCJ. ECF 22 at ¶ 5. After deputies warned Plaintiff and the AIC to "stop fighting", *id.* at ¶ 6, Defendant deployed his taser against Plaintiff's lower back, and another deputy deployed OC spray on Plaintiff. *Id.* at ¶ 8. After backup deputies arrived and assisted with the application of handcuffs, Defendant and another deputy helped Plaintiff to his feet, removed the taser probes from his lower back, and escorted to him to an infirmary to be evaluated by medical staff. *Id.* at ¶ 9.

After medical staff examined Plaintiff and cleared him to return to his housing unit, Defendant and another deputy returned Plaintiff to the Delta Unit and "escorted [him] . . . to the lower shower to decontaminate himself." *Id.* at ¶ 10. Regarding the condition of the shower, Defendant states:

> Per my normal practice when working in the Delta segregation unit, I conducted a brief visual inspection of the locking shower before and after [Plaintiff]'s use of the shower to ensure it was sanitary and ready for use since the segregation unit relies exclusively on that single locking shower to be sanitary and operational when moving AICs in that unit. I specifically recall the shower was clear and ready for use. In prior instances when I have occasionally found the shower not sanitary, I pause its use and direct an AIC pod worker to clear the shower prior to an AIC using the shower.

*Id.* Defendant further states that he "provided [Plaintiff] with clean linens, a towel and soap" and gave Plaintiff "at least 15 minutes to decontaminate from the OC spray." *Id.* at ¶ 14.

PAGE 3 – OPINION AND ORDER

In contrast, Plaintiff alleges:

> This shower was covered in human feces. Once the water came on it began to splash feces on me. I emediately [sic] dropped the soap in the feces. The shower I was placed in was a hot water shower. The water was extremely hot. I was not able to shower. [Defendant] came and removed me from the shower. I explained and showed him the feces in the shower. I told him I needed a cold shower with new soap that was not covered in feces. There were piles of feces in the shower. [Defendant] told me he wanted to run lunch and that he would return to give me a a adequate shower to deconimate [sic] in 30 minutes after lunch. He never returned. For over 3 days I was denied a shower. They would not give me soap in my cell.

ECF 9 at 3-4.

On April 27, 2021, Plaintiff filed grievance number 1533 alleging he was "not able to wash OC off properly" on April 10, 2021, because the soap he had been given "landed in a feces left in [sic] shower." ECF 23-3 Ex. E at 4. In response, a staff member wrote on May 3, 2021, "Multiple issues, do not write on top of form. Grievance voided." *Id*. Plaintiff did not appeal this grievance response and submitted no other grievance regarding the conditions of the decontamination shower he was provided on April 10, 2021.

Defendant argues he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1] *Id.* at 7-8. Plaintiff did not respond to Defendant's motion and submitted no evidence to show that he exhausted his administrative remedies.

---

[1] Defendant also argues he is entitled to summary judgment because, (1) there is no genuine issue of material fact as to whether Plaintiff received a timely and sanitary decontamination shower, (2) Plaintiff failed to allege a physical injury, and (3) Defendant is entitled to qualified immunity. *See* Def.'s Mot. 8-17. Because the Court finds Defendant's motion can be resolved in its entirety under the PLRA's exhaustion requirement, it is unnecessary to reach the questions regarding the sufficiency of the evidence, Plaintiff's alleged failure to plead an injury, and qualified immunity.

PAGE 4 – OPINION AND ORDER

## DISCUSSION

The PLRA requires an AIC to exhaust all "available" administrative remedies prior to filing an action under any federal law. 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining that "exhaustion is a prerequisite to suit" under the PLRA). The exhaustion requirement affords corrections officials the opportunity to engage in corrective action that could obviate the need for litigation as well as create an administrative record useful to litigation. *Porter*, 534 U.S. at 525.

To be considered an "available" administrative remedy, the remedy must be capable of use by the individual in custody. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). The PLRA's exhaustion requirement is an affirmative defense that defendants must advance, not a pleading requirement placed on the shoulders of an AIC. *Id.* at 1172. Whether a claim is barred by an exhaustion defense "should be decided, if feasible, before reaching the merits of a[n] [AIC]'s claim." *Id.* at 1170.

Here, the declaration of Matt Davis supporting Defendant's Motion for Summary Judgment demonstrates that Plaintiff failed to exhaust all available administrative remedies for his claim. *See* ECF 23. The evidence shows Plaintiff submitted grievance number 1533 on April 27, 2021, alleging he was subjected to an unsanitary decontamination shower, and there is no dispute MCJ responded on May 3, 2021, noting, "multiple issues do not write on top of form" and stating, "[g]rievance voided". *Id.* at ¶¶ 15-16. It is also undisputed that Plaintiff did not correct and resubmit his grievance or appeal the response he received from MCJ. Plaintiff does not explain his failure to complete the grievance process and does not argue that the grievance process was unavailable to him. Moreover, Plaintiff's grievance history shows he was familiar

with the grievance process and completed at least one grievance through the second level of appeal regarding an issue unrelated to the claim Plaintiff asserts in this action. *Id.* at ¶ 14.

Plaintiff did not dispute the facts presented in Davis' declaration by filing a response to Defendant's motion or supplementing the record with his own evidence.[2] Thus, even when viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, this Court finds that Plaintiff has failed to exhaust all available administrative remedies as required by the PLRA. Accordingly, Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment, ECF 21, and DISMISSES this case without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

DATED this 16th day of November, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] The Court acknowledges that Plaintiff filed a verified amended complaint, which means that it was filed with a sworn statement declaring, under penalty of perjury, the allegations are true and correct in accordance with 28 U.S.C. § 1746. *See Wickizer v. Crim*, No. 3:18-CV-01816-AC, 2022 WL 543073, at *1 (D. Or. Feb. 2, 2022), *findings and recommendation adopted*, 2022 WL 541510 (D. Or. Feb. 23, 2022). Further, a "plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment[.]" *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc); *Schroeder v. McDonald*, 55 F.3d 454, 460 (1995) ("A verified complaint may be used as an opposing affidavit under Rule 56."). Here, however, Plaintiff does not discuss filing any grievance or grievance appeal in his amended complaint and only alleges facts regarding the allegedly unsanitary condition of the decontamination shower he was provided.